[Crim. No. 4341.   First Dist., Div. One.   June 6, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. FRED PROPP, JR., Defendant and Appellant.

Willard E. Stone, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Barry L. Bunshoft and Edward P. O'Brien, Deputy Attorneys General, for Plaintiff and Respondent.

ELKINGTON, J.—On this appeal in 1965 we affirmed (235 Cal.App.2d 619 [45 Cal.Rptr. 690]) judgments convicting appellants Fred Propp, Jr., and Roland Wayne Wright of first degree robbery (Pen. Code, § 211), conspiracy to commit robbery (Pen. Code, § 182), possession of a concealable firearm by an ex-convict (Pen. Code, § 12021) and additionally convicting appellant Propp of possession of a sawed-off shotgun (Pen. Code, § 12020).

Appellant Propp did not testify at the trial. Under the apparent authority of California's Constitution, article I, section 13, the prosecutor commented upon the failure of Propp to testify, and the court instructed the jury "as to any evidence or facts against him which [Propp] can reasonably be expected to deny or explain because of facts within his knowl-

edge, if he does not testify or if, though he does testify, he fails to deny or explain such evidence, the jury may take that failure into consideration as tending to indicate the truth of such evidence and as indicating that among the inferences that might reasonably be drawn therefrom those unfavorable to the defendant are the more probable.''

Following the trial but before our decision on appeal, the United States Supreme Court in *Griffin* v. *California,* 380 U.S. 609, 615 [14 L.Ed.2d 106, 110, 85 S.Ct. 1229] announced the rule ''that the Fifth Amendment, in its direct application to the Federal Government, and its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt.''

In our decision we applied the rule of *People* v. *Bostick,* 62 Cal.2d 820, 823 [44 Cal.Rptr. 649, 402 P.2d 529], to the effect that ''Such error [as was the subject of *Griffin* v. *California, supra*], unless it resulted in a miscarriage of justice, does not, however, automatically require a reversal if article VI, section $4\frac{1}{2}$, of our Constitution[1] is applicable to it.'' We concluded from our review of the entire record that had the *Griffin* error not been committed there was no reasonable probability that the jury would have reached a result more favorable to the defendant.

Thereafter in *Chapman* v. *California,* 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 828], the United States Supreme Court announced ''that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.''

On March 13, 1967, the United States Supreme Court granted a petition of Propp for a writ of certiorari,[2] ordered ''The judgment is vacated and the case remanded for further consideration in the light of *Chapman* v. *California,* 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824]'' and transmitted to this court its mandate that proceedings be taken in accordance

---

[1]Article VI, section $4\frac{1}{2}$ (now art. VI, § 13) provided: ''No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.''

[2]Appellant Wright was not a party to the writ. He testified at the trial and the complained-of error does not apply to him. The judgment as to him stands affirmed by the decision of this court, July 8, 1965. (*People* v. *Propp, supra,* 235 Cal.App.2d 619.)

with the judgment of that court. We thereupon ordered a recall of the remittitur.

We have given further consideration to this cause in the light of *Chapman* v. *California, supra.* We approve and adopt as part of this opinion and incorporate herein by reference that portion of the opinion prepared for this court on the appeal before us by Mr. Justice Bray in 1965 (*People* v. *Propp, supra,* 235 Cal.App.2d 619) preceding the topic heading (p. 645) reading "D. *Comment and Instruction on Failure to Testify.*" ▓ As to the error in commenting and instructing on Propp's failure to testify we declare a belief, because of the conclusive evidence of his guilt, that such error was harmless beyond a reasonable doubt.

The judgment appealed from by defendant Propp is affirmed.

Molinari, P. J., and Sims, J., concurred.